**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50123 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-02557-BEN-1 |
| v. | |
| DONNELL THOMAS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted August 14, 2018
San Francisco, California

Before: SCHROEDER, SILER,[**] and MURGUIA, Circuit Judges.

Defendant-Appellant Donnell Thomas brings this interlocutory appeal challenging the district court's order extending pretrial commitment for an additional 120 days for possible restoration of competency. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Thomas first contends that the district court failed to apply the correct legal standard. While the order itself, drafted by Thomas's counsel, did not reference the standard, the record makes it abundantly clear that the district court applied the proper standard: whether there is a "substantial probability" that he would be restored to competence within an additional reasonable period of time. 18 U.S.C. § 4241(d)(2)(A); *see United States v. Loughner*, 672 F.3d 731, 769–70 (9th Cir. 2012).

We find no clear error in the district court's determination that the appropriate standard was satisfied. *See Loughner*, 672 F.3d at 770–72. The court's determination was supported by Dr. Tyner's opinion, which was, in turn, based on dozens of interactions with Thomas. The request for a *Sell* hearing was premature, and the 120-day extension was reasonable under the circumstances, *see Jackson v. Indiana*, 406 U.S. 715, 738 (1972), *Rivera-Guerrero*, 426 F.3d at 1137 (explaining that *Sell* hearings are disfavored and that such hearings adjudicate whether a person should be involuntarily medicated when attempting to restore the person to competency). The district court correctly concluded that the attorney general should determine whether to file a dangerousness certificate upon a finding that Thomas cannot be restored. 18 U.S.C. §§ 4241(d), 4246.

The government's request to supplement the record (Dkt. Nos. 20–22) is denied. The district court must now determine what further proceedings are appropriate.

**AFFIRMED.**